UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARK ESTRADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:10CV00005 ERW |
| ) | |
| JAMES BARNES, et al, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Compel [doc. #40] and Defendants' Motion to Dismiss For Failure to Prosecute [doc. #42].

In Defendants' Motion to Compel, filed on January 7, 2011, Defendants stated that Plaintiff has sent no responses to Defendants' written discovery, and therefore has not complied with F.R.C.P. 33 (b)(3) and 34 (b)(2)(B). Defendants requested this Court enter an order requiring Plaintiff to fully and completely respond to this Court's September 20, 2010 Case Management Order and to Defendants' discovery requests. On January 10, 2011, this Court ordered that Plaintiff shall fully comply with this Court's Order and answer outstanding discovery requests no later than January 18, 2011, or show cause why his Complaint shall not be dismissed [doc. #41]. In Defendants' Motion to Dismiss For Failure to Prosecute [doc. #42] and Memorandum in Support [doc. #43], filed on January 19, 2011, Defendants stated that Plaintiff has not complied with the January 10th Order and requested that this Court dismiss Plaintiff's case for failure to prosecute. On January 24, 2011, Plaintiff filed his Response to Show Cause Why Complaint Should Not Be Dismissed [doc. #44], wherein Plaintiff stated that he had been "trying to meet the request of this court, but has failed to secure all documents" that were

requested. Plaintiff also informed the Court that he has had difficulty locating original copies of the needed documents since being transferred to a new facility, and has been seeking legal counsel to no avail. On January 31, 2011, Defendants filed their Reply to Plaintiff's Response to Show Cause Order [doc. #47], wherein Defendants argue that Plaintiff does not need to secure any documents in order to respond to Defendants' Interrogatories. Defendants also emphasized Plaintiff's failure to address this issue in his Response to this Court's Show Cause Order and argued that Plaintiff's pro se status in this matter does not excuse him from complying with Court orders. On February 22, 2011, after finding that Plaintiff failed to file a Response to the Motion to Dismiss, this Court ordered Plaintiff to show cause, no later than March 4, 2011, why Defendants' Motion to Dismiss should not be granted, and warned Plaintiff that failure to comply with this order may result in dismissal of his claim [doc. #48]. Plaintiff failed to file any Reply. The Court now considers Defendants' Motions.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides:

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The Eighth Circuit has found that "[a]n action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). The Eighth Circuit has also stated that "[a]lthough dismissal with prejudice is an extreme sanction only to be used in cases of willful disobedience of a court order or where there is a pattern of intentional delay, we give the district court a large amount of discretion in regulating and sanctioning misconduct which occurs in proceedings before it." *Good*

*Stewardship Christian Ctr. v. Empire Bank*, 341 F.3d 794, 797 (8th Cir. 2003).  In this case, Plaintiff failed to respond to Defendants' discovery requests, in violation of this Court's Case Management Order, as well as missed the deadline for one of the Court's Orders to Show Cause and entirely failed to respond to a second order to show cause.

In order for a court to dismiss a plaintiff's claims for failure to prosecute, the court "need only find that [the] litigant acted deliberately rather than accidentally, and need not find bad faith."  *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997).  There is ample evidence of deliberateness in this case.  On January 10, 2011, this Court ordered that Plaintiff shall fully comply with this Court's Case Management Order and answer outstanding discovery requests no later than January 18, 2011, or show cause why his Complaint shall not be dismissed.  Plaintiff did not respond to the show cause order until January 24, 2011, even though the Court's Order specifically stated that Plaintiff had to respond no later than January 18, 2011.  Plaintiff's failure to file a response by the January 18, 2011 deadline, was a deliberate action.  Further, missing the deadline demonstrates willful disobedience with respect to the Court's Order on Plaintiff's behalf.  Likewise, on February 22, 2011, after finding that Plaintiff failed to file a Response to Defendants' Motion to Dismiss, this Court ordered Plaintiff to show cause, no later than March 4, 2011, why Defendants' Motion to Dismiss should not be granted.  In the Order to Show Cause, the Court specifically warned Plaintiff that failing to respond could lead to the dismissal of his claims against Defendants.  Plaintiff failed to file any response.

In determining whether to dismiss Plaintiff's claim for failure to prosecute, the Eighth Circuit has stated, "[a] district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the

resulting prejudice to the opposing party." *Hutchins*, 116 F.3d at 1260. It is well-known that "[d]ismissals with prejudice are 'drastic and extremely harsh sanction[s].' Cases should be dismissed with prejudice only where the plaintiff has intentionally delayed the action or where the plaintiff has consistently and willfully failed to prosecute his [or her] claim." *Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (quoting *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993)) (second two alterations in original). The Eighth Circuit has upheld lower court decisions to dismiss a case for failure to prosecute in cases involving circumstances similar to those present in this case. *See, e.g.*, *Sillga v. Fairview Univ. Med. Ctr.*, 21 F.App'x 525 (8th Cir. 2001) (finding that trial court acted within its discretion in dismissing case for failing to comply with court's orders because although attorney was negligent, plaintiff knew of attorney's negligence but did not make his concerns part of the record); *Blackburn v. Whitney*, No. 98-1843, 2000 WL 227840, at *1, (8th Cir. Feb. 7, 2000) (per curiam) (finding that the district court did not abuse its discretion in dismissing a case where the plaintiff had failed to comply with the trial court's order to address the defendants' dismissal motion); *Lang v. Wyrick*, 590 F.2d 257, 259 (8th Cir. 1978) (finding that the trial court did not abuse its discretion in dismissing the plaintiff's case for failure to prosecute, when the plaintiff had failed to comply with the trial court's order to file a response to the defendants' motion to dismiss for failure to state a claim).

Plaintiff informed the Court that he has had difficulty locating original copies of the needed documents since being transferred to a new facility. There is no showing by Plaintiff that he needs any documents to answer any of Defendants' interrogatories, with the exception of questions 6(e) and (f), 7(d), and 8. He has made allegations and claims against individuals named by him. He has a duty to answer Defendants' First Interrogatories Directed to Plaintiff. The questions are stated in simple terms.

Plaintiff has executed a significant instrumentality of power when he chose to file a lawsuit against the individuals named in his Complaint.  These individuals have incurred loss of time and incurred expense in defending this lawsuit.  Plaintiff has a responsibility to the Defendants and this Court to obey the rules of law.  It appears to the Court that Plaintiff has failed in his responsibilities.  While the Court is justified in dismissing his Complaint with prejudice at this time, the better practice will be to order Plaintiff to answer interrogatories 1 through 6(d), and 7(a) - (c) within twenty (20) days from this date.  Additionally, if he believes he needs documents in the custody of the Department of Corrections, he must notify the Missouri Department of Corrections Litigation Coordinator at the Western Missouri Correctional Center **at  609 East Pence Road, Cameron, Missouri 64429**, or the Warden at the Western Missouri Correctional Center specifying the documents he believes he needs within ten (10) days of this date.  Thereafter, Plaintiff shall respond to Defendants' Interrogatories 6(e) and (f), 7(d), and 8, and Defendants' Request for Production Directed to Plaintiff within fifteen (15) days of receipt of such documents.

If Plaintiff fails to answer the stated interrogatories within twenty (20) days and fails to contact the Missouri Department of Corrections Litigation Coordinator at the Western Missouri Correctional Center, or the Warden at the Western Missouri Correctional Center specifying the documents he believes he needs within ten (10) days of this date, and files answers to interrogatories 6(e) and (f), 7(d), and 8, and answers Defendants' Request for Production Directed to Plaintiff within fifteen (15) days of receipt of such documents, Plaintiff's Complaint shall be dismissed with prejudice.

The Court has considered whether lesser sanctions are readily available, but believes that Plaintiff's failure to comply with the Court's Case Management Order, in addition to consistently

missing specifically stated deadlines, was willful and deliberate.  The Court also believes that, notwithstanding the Court's policy of favoring the disposition of cases on their merits, dismissal may better serve the public interest by promoting the expeditious resolution of cases.  *See Boyle v. American Auto Service, Inc.*, 571 F.3d 734, 739 (8th Cir. 2009).  Thus, the Court concludes that it will dismiss this case if Plaintiff fails to comply with the conditions of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to Prosecute [doc. #42] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel [doc. #40] is **GRANTED.**  Plaintiff shall answer interrogatories 1 through 6(d), and 7(a) - (c) within twenty (20) days from this date.  Additionally, to the extent that Plaintiff believes he needs documents in the custody of the Department of Corrections, he must notify the Litigation Coordinator at the Western Missouri Correctional Center, or the Warden at the Western Missouri Correctional Center specifying the documents he believes he needs within ten (10) days of this date.  Thereafter, Plaintiff shall respond to Defendants' Interrogatories 6(e) and (f), 7(d), and 8, and Defendants' Request for Production Directed to Plaintiff within fifteen (15) days of receipt of such documents.

Dated this 29th Day of April, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE