UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARK ESTRADA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:10CV00005 ERW |
| | ) |
| JAMES BARNES, et al, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Reconsideration [doc. #60]**.**

## I.     BACKGROUND

On June 3, 2011, Defendants filed a Motion to Dismiss for Failure to Prosecute [doc. #57].  On July 11, 2011, and upon review of the record in this case, the Court discovered Plaintiff had failed to file a Response to the Motion to Dismiss and ordered Plaintiff to show cause, no later than July 25, 2011, why the Motion should not be granted.  Plaintiff failed to respond to the Order.  On July 26, 2011, this Court denied Defendants' Motion to Dismiss for Failure to Prosecute [doc. #59] because the Motion lacked a Memorandum in Support as required by the local court rules.

## II.     DISCUSSION

A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure.  Typically, courts construe a motion to reconsider as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  This Court's July 26, 2011 Order denying Defendants' Motion to Dismiss cannot be classified as a "judgment," therefore

Defendants' Motion for Reconsideration does not fall within the parameters of Rule 59(e). However, courts can also construe a motion to reconsider as a motion for relief from a final judgment, order, or proceeding under Fed. R. Civ. P. 60(b). Therefore, Defendants' Motion for Reconsideration may be considered pursuant to Rule 60(b), which allows relief from an order due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) ("[W]e have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'").

On the same day that the Court denied Defendants' Motion to Dismiss, Defendants filed this Motion for Reconsideration informing the Court that a Memorandum in Support had been prepared for the Motion to Dismiss, and the failure to include the Memorandum in Support was inadvertent and due to an oversight. Defendants further state that if the Court were to grant the motion, Plaintiff would not be prejudiced because Defendants sent the Memorandum in Support

to Plaintiff on June 3, 2011.

The applicable ground for relief, under the circumstances is Rule 60(b)(1)'s provision, which provides that relief may be granted for "mistake, inadvertence, surprise, or excusable neglect." The Court concludes, that due to Defendants' inadvertent mistake, which subsequently caused Defendants' failure to comply with the local court rules' requirement of including a memorandum in support, in addition to the Court's finding that Plaintiff will not be prejudiced, the Defendants' Motion to Reconsider will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration [doc. #60] is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Defendants' Memorandum in Support [doc. #61] of its Motion to Dismiss for Failure to Prosecute [doc. #57] is accepted for filing by the Court. Plaintiff has until **August 8, 2011** to file a Response to Defendants' Motion to Dismiss.

Dated this 27th Day of July, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE